UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK ANTHONY ZACCONE,

    Plaintiff,

v.                                                                             Case No:   2:15-cv-287-FtM-38CM

FORD MOTOR COMPANY,

    Defendant.

## ORDER

Before the Court are Plaintiff's Affidavit of Indigency, construed as a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 20), and Plaintiff's Motion for Miscellaneous Relief (Doc. 18).  For the reasons set forth below, the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is granted, and Plaintiff's Motion for Miscellaneous Relief is denied.

Plaintiff requests leave to proceed in this case without prepayment of the filing fees and costs pursuant to 28 U.S.C. § 1915.  Plaintiff previously filed an Affidavit of Indigency, which the Court construed as a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2). In accordance with Section 1915, the undersigned determined that Plaintiff met the requirements of indigency and then conducted a sufficiency review of the Complaint (Doc. 1).  Doc. 13.  Upon review, the Court denied Plaintiff's request to proceed *in forma pauperis* without prejudice, informed Plaintiff of the deficiencies in his Complaint and afforded him an opportunity to file an amended complaint in accordance with that order.  *Id.*

Plaintiff then filed an updated motion for leave to proceed *in forma pauperis* along with an amended complaint. Docs. 14, 16.  The Court reviewed the sufficiency of the amended complaint and found additional deficiencies.  Doc. 17 at 3-4.  The Court informed Plaintiff of the deficiencies and provided him one additional opportunity to submit an amended complaint in accordance with the Court's directives.  *Id.* at 7-8.  Presently before the Court is Plaintiff's updated motion for leave to proceed *in forma pauperis* and Plaintiff's Second Amended Complaint.  Docs. 19, 20.

When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).  A person need not be "absolutely destitute" or reduce himself to a public charge in order to proceed *in forma pauperis*; rather "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*  A district court may not deny an *in forma pauperis* motion without first comparing the party's assets and liabilities in order to determine whether the party has satisfied the poverty requirement.  *Id.* at 1307-08.

Here, upon review of Plaintiff's updated affidavit, he appears to qualify to proceed without the prepayment of costs in this matter.  Plaintiff's affidavit states that he has no income or assets.  Doc. 20 at 2-3.  He reports a $20,000.00 debt to Lee County Memorial Hospital and a $500.00-600.00 debt to Punta Gorda Towing.  *Id.* at

4. Plaintiff also states that he owes Charlotte Regional but he is unaware of the total amount of the debt. *Id.* Additionally, Plaintiff is incarcerated in the Charlotte County Jail, and according to his inmate balance history, he owes $283.70. Doc. 20-1 at 1-3. Plaintiff's liabilities therefore appear to exceed his assets. Thus, Plaintiff meets the requirements of indigency pursuant to 28 U.S.C. § 1915(a).

Once an application for leave to proceed *in forma pauperis* demonstrates sufficient economic eligibility on its face, the Court must proceed to determine the sufficiency of Plaintiff's claims. Upon review of the second amended complaint, the Court finds that Plaintiff has sufficiently pled the jurisdictional requirements 28 U.S.C. § 1332 and his claim for wrongful death.

Plaintiff also filed a motion for miscellaneous relief requesting that the Court adopt the allegations in his original and reconsider his Motion for Appointment of Counsel (Doc. 15). Doc. 18. Plaintiff's request to adopt the allegations in the original complaint is now moot as Plaintiff has filed a second amended complaint, which will supersede the earlier filed complaints. *Paylan v. Bondi*, 2015 WL 5759933 *2 (M.D. Fla . 2015).

Plaintiff's request for the Court to reconsider his motion to appoint counsel is denied. Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. *Carter v. Premier Rest. Mgmt.*, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change

3

in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). Here, the Court finds that Plaintiff has not set forth any new facts or law to convince the Court to reverse its prior decision. Thus, Plaintiff's motion is denied.

Finally, for Plaintiff's benefit, although *pro se* pleadings generally are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), it is also mandatory that *pro se* litigants proceed in accordance with Federal and Local Rules. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that despite certain leniency afforded *pro se* parties, they must follow procedures). The Court therefore strongly encourages Plaintiff to attempt to retain counsel admitted to practice before this Court to assist him with litigating this matter. *See Schebel v. Charlotte Cnty.*, 833 F. Supp. 889, 890 (M.D. Fla. 1993) ("strenuously" encouraging *pro se* plaintiff in civil action to retain legal counsel); *see also Montgomery v. Brickell Place Condo. Ass'n*, No. 11-24316-civ, 2012 WL 1203837, at *3 (S.D. Fla. Apr. 11,

2012) (encouraging *pro se* plaintiff to "retain legal counsel and, failing that, to diligently research how to prosecute" a case in federal court because *pro se* parties are responsible for discovery, complying with scheduling orders and following federal and local rules).  Plaintiff further is encouraged review the guide previously provided to him by the Court entitled "Proceeding Without a Lawyer."  The guide may be beneficial if he is unable to retain counsel and intends to continue prosecuting this action *pro se*.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Plaintiff's Affidavit of Indigency, construed as a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 20), is **GRANTED**.

2.  The Clerk is directed to file all pleadings in this cause without prepayment of costs, and the United States Marshal, upon receipt of appropriate instructions in proper form from Plaintiff, is directed to effect service of process without prepayment of costs or fees.

3.  The Clerk is directed to mail summonses and Marshal 285 forms to the Plaintiff.  Plaintiff shall have **thirty (30) days** from the date of this Order to prepare and forward the completed service documents, along with sufficient copies of the Complaint, to the Clerk for service by the United States Marshal.  **Failure to provide these documents within this time period will cause the Court to recommend that this action be dismissed.**

4.  Plaintiff's Motion for Miscellaneous Relief (Doc. 18) is **DENIED**. Plaintiff's request that the Court adopt the allegations of the original complaint is **DENIED as moot**. Plaintiff's request that the Court reconsider its ruling on his Motion for Appointment Counsel is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of December, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record