UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK ANTHONY ZACCONE,

    Plaintiff,

v.                                                                 Case No: 2:15-cv-287-FtM-38CM

FORD MOTOR COMPANY,

    Defendant.
                                     /

### **ORDER**[1]

This case comes before the Court on Defendant Ford Motor Company's Amended Motion to Dismiss Plaintiff's Second Amended Complaint filed on February 9, 2016. (Doc. #25). Plaintiff Frank Anthony Zaccone, who is appearing *pro se*, filed a response on February 18, 2016. (Doc. #16). This matter is ripe for review.

### **BACKGROUND**

Unless stated otherwise, the following facts are drawn from the Second Amended Complaint and construed in a light most favorable to Plaintiff as the non-moving party.

On May 6, 2013, Plaintiff was driving a 2006 Ford Escape sports utility vehicle ("SUV") in Charlotte County, Florida with his wife, Judy Hanna, riding as a passenger. (Doc. #19 at 4). While driving, Plaintiff was forced over an embankment that caused the SUV to hit the median and flip twice. None of the SUV's four airbags deployed. Plaintiff

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

and his wife were injured, but Ms. Hanna later died from what appears to have been injuries sustained from the seatbelt. According to Plaintiff, an investigation into the accident revealed that the airbag sensor was faulty.

As a result, Plaintiff commenced this wrongful death suit against Defendant on May 5, 2015. (Doc. #1). With leave of Court, Plaintiff amended the complaint twice, with the Second Amended Complaint (Doc. #19) now being the operative pleading. Having been served with the Second Amended Complaint on January 20, 2016, Defendant moves to dismiss this suit for lack of standing under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## DISCUSSION

The concept of standing is an integral part of "the constitutional limitation of federal court jurisdiction to actual cases or controversies." *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). Since a motion to dismiss for want of standing implicates the court's subject matter jurisdiction, it is appropriately brought under Federal Rule of Civil Procedure 12(b)(1).

It is axiomatic that a federal district court must apply state substantive law when interpreting a state statute that is at issue. *See Starling v. R.J. Reynolds Tobacco Co.*, 845 F. Supp. 2d 1215, 1218 (M.D. Fla. 2011). Under Florida law, a wrongful death action "shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act." Fla. Stat. § 768.20 (2015). "[P]ersons other than the personal representatives have no standing under Florida law to maintain a [wrongful death] action[.]" *Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1161 (M.D. Fla. 1996) (finding plaintiffs, who were

the decedent's surviving family members, lacked standing to bring a wrongful death action); see also Reshard v. Britt, 839 F.2d 1499, 1501 (11th Cir. 1988) ("[U]nder Florida law, the personal representative is the only person who may bring a wrongful death action on behalf of a decedent's estate and survivors; a person proceeding merely as a survivor, for example, cannot maintain a wrongful death suit").  Stated differently, § 768.20 grants the personal representative, who is not always a surviving spouse, exclusive standing to bring a wrongful death claim on behalf of the decedent's estate.

Here, Plaintiff has not alleged or established that he is the personal representative of his wife's estate.  Instead, he brings this wrongful death suit in his individual capacity as her surviving spouse.  To complicate matters, there is no reference as to whether Ms. Hanna died with or without a will, or if a personal representative has been appointed.  Because Plaintiff fails to established standing under § 768.20, the Court will grant Defendant's motion to dismiss.

Nevertheless, Plaintiff is proceeding *pro se* so the Court will allow him leave to file a Third Amended Complaint.  The Court does so in an abundance of caution because it doubts whether Plaintiff will be able to cure the standing defect given his felony conviction.[2]  (Doc. #29; Doc. #30).  Under Florida law, "[a] person is not qualified to act as a personal representative if the person . . . [h]as been convicted of a felony." Fla. Stat. § 733.303(1)(a); see also Crosby v. Sumter Cty., No. 5:06-cv-217, 2007 WL 2700976, at *4 (M.D. Fla. Sept. 13, 2007) (stating, "the [p]laintiff cannot prosecute the personal claims

---

[2] On February 3, 2016, Plaintiff was found guilty of driving under the influence manslaughter in the Circuit Court of the Twentieth Judicial Circuit in and For Charlotte County.  (Doc. #29-1; Doc. #30-1).  That case is styled as *State of Florida v. Frank Zaccone*, Case No. 13-2142 CF (Fla. Cir. Ct. 2013).  At Defendant's request (Doc. #30), the Court will take judicial notice of this verdict.

of his grandmother against these [d]efendants because Florida law expressly prohibits convicted felons from serving as personal representatives of an estate").  Despite its doubts, the Court will give Plaintiff until March 11, 2016, to file an amended pleading.  If Plaintiff decides to do so, he should review the United States District for the Middle District of Florida's website[3], which provides basic information to individuals who proceed without lawyers in civil cases.

Accordingly, it is now

**ORDERED:**

(1) Defendant Ford Motor Company's Amended Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #25) is **GRANTED**.

(2) Plaintiff may file a Third Amended Complaint on or before **March 11, 2016**, to which Defendant may file an answer or other response in accordance with Rule 15 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of February, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[3] The Court's website is http://www.flmd.uscourts.gov/pro_se/default.htm.