UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK ANTHONY ZACCONE,

        Plaintiff,

v.                               Case No:  2:15-cv-287-FtM-38CM

FORD MOTOR COMPANY,

        Defendant.

_____

## ORDER

Before the Court is Defendant, Ford Motor Company's, Motion to Preserve Evidence, or in the alternative, Motion to Take Possession of Subject Vehicle (Doc. 47), filed on April 22, 2016. *Pro se* Plaintiff Frank Anthony Zaccone responded in opposition by filing a Motion to Deny Defendant's Motion to Take Possession of Plaintiff's Vehicle and Grant Release to Plaintiff's Insurance Co. Doc. 50. Defendant filed a reply. Doc. 54. For the reasons set forth below, Defendant's motion is granted, and Plaintiff's motion is denied.

Plaintiff filed this action against Defendant alleging that he was injured in an automobile accident due to faulty airbags installed in his 2006 Ford Escape ("the vehicle"), which failed to deploy. Doc. 44 at 3. Plaintiff states that he suffered from fractured ribs and other injuries as a result of the accident. *Id.* at 3-4. He also alleges that his wife died as a result of this accident, although he no longer is pursuing his claim for wrongful death. *Id.* at 3. In Plaintiff's Third Amended Complaint, he

alleges only a negligence claim for injuries he personally suffered as a result of this accident.   Doc. 44.

Plaintiff was charged and later found guilty of driving under the influence manslaughter as a result of the crash that killed his wife.[1]   *See* Doc. 32 n.2.   During sentencing in that case, Plaintiff waived his right to any claims of appeal or a new trial.   Doc. 47-1 at 1.   On April 1, 2016, Plaintiff was sentenced to incarceration for seven years, followed by a five year probation period.   *Id.*

In a prior motion, Plaintiff identified the location of the vehicle.   Doc. 33 at 2. Plaintiff stated that the subject vehicle, which is titled in Plaintiff's name, was being held at the "state trooper barracks."   Docs. 47 at 2; 33 at 2.   Defendant's counsel contacted the Florida Highway Patrol ("FHP") and was informed that the vehicle soon would be disposed of because the criminal case had been adjudicated.   Docs. 47 at 2; 52-1 at 1-2.   Captain Rob Aponte, of the FHP, stated that he would continue to hold the vehicle only until May 15, 2016.   Doc. 47 at 2.   Thus, Defendant filed the present motion to require FHP to preserve the vehicle or, alternatively, release the vehicle into Defendant's custody for the pendency of this litigation.   *Id.*

"Federal courts have the implied or inherent power to issue preservation orders as part of their general authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"   *Robinson v. Gielow*, 2015 WL

---

[1] In the Order granting Defendant's Motion to Dismiss, the Honorable Sheri Polster Chappell took judicial notice of the verdict finding Plaintiff guilty of driving under the influence manslaughter in the state criminal case.   Doc. 32 n.2.

4459880, at *3 (N.D. Fla. 2015) (citing *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1071 (C.D. Cal. 2009) (quoting *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135-36 (2004)).   Some courts have adopted a streamlined two-prong approach to determine entitlement to a preservation order, while other courts have adopted a balancing test.   *Id.* at *3.   The two-prong approach requires that the one seeking preservation demonstrate that it is necessary and not unduly burdensome.   *Id.* (citing *Pueblo*, 60 Fed. Cl. at 138).   The balancing test considers three factors:

> 1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation.

*Id.* (quoting *Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D. Pa. 2004)).

Under both tests, Defendant would be entitled to a preservation order. Moreover, here, the parties do not appear to dispute the necessity and Defendant's entitlement to preservation of the evidence.   Defendant states that it would be irreparably harmed in its ability to defend against Plaintiff's defect theory if the vehicle were to be destroyed.   Doc. 47 at 4.   Plaintiff does not contest that Defendant would be harmed if the vehicle were destroyed.   *See* Doc. 50.   The Court agrees that Defendant would not be able to defend its case without preservation of the vehicle. This entire case is premised around Plaintiff's claim that Ford's airbags were faulty.

Thus, preservation of the evidence is critical.   Defendant, however, also recognizes that because Plaintiff is incarcerated, he is unable to take possession of the vehicle. *Id.*   Absent a preservation order, the FHP is scheduled to dispose of the vehicle after May 15, 2016.   *Id.*   Defendant requested FHP to continue storing the vehicle, but given the potentially burdensome nature of preserving the vehicle on FHP, Defendant offered to take custody of the vehicle as an alternative.   *Id.*

Plaintiff, however, expressed concerns with Defendant taking possession of the vehicle.   Doc. 50 at 1.   Plaintiff states that it would be unethical for Defendant to take possession of the vehicle and is suspicious as to why Defendant wants to do so. *Id.*   Plaintiff states that he has no objection to Defendant inspecting the vehicle while it still is in the custody of FHP.   *Id.*   The Court reminds Plaintiff, however, that once Defendant is in possession of the evidence, Defendant has a duty to preserve the evidence.   *Robinson*, 2015 WL 4459880 at *4.

Alternatively, Plaintiff requests that Court release the vehicle to GEICO, Plaintiff's insurance company.   *Id.*   Plaintiff also argues that Defendant only assumes that he cannot take possession of the vehicle because he is incarcerated (Doc. 50 at 1), but Plaintiff has not offered the Court with any explanation to negate that assumption, nor has he identified how he would be able to take possession of the vehicle in light of his incarceration.   In Defendant's reply, Defendant states that "[it] has no objection to GEICO taking possession of the vehicle during the pendency of this litigation, provided it preserves the vehicle in a secure, indoor area, under lock and key."   Doc. 54 at 1.   While both parties agree that GEICO may take possession

of the vehicle, neither party has provided the Court with any documentation showing that GEICO has consented to take on the burden of storing the vehicle.   Moreover, the parties have not cited to any case law authorizing the Court to require a non-party to take possession of evidence and maintain it during the pendency of a case. In *Capricorn Power*, the court recognized when analyzing the balancing test that,

> [p]reservation of evidence may be particularly burdensome for non-parties, considering that their interest in the pending civil action is miniscule while the restrictions that can be imposed in a motion for preservation may be expensive and voluminous. In such instances, the party seeking preservation, and possibly the opposing party, may be required to ensure the preservation of the evidence, rather than placing that burden upon uninvolved third party possessors of the evidence.

220 F.R.D. at 436.

Based on the information presently before the Court, it appears that the best alternative is for Defendant to take possession of the vehicle and ensure preservation throughout the pendency of this litigation.   FHP no longer has a use for the vehicle now that the criminal action has concluded.   Doc. 52-1 at 2.   It also is FHP's policy that evidentiary property be disposed of once the criminal case is adjudicated, it does not wish to remain in custody of the vehicle and it would be burdensome for it to do so.   *Id.* at 1-2.   The Court agrees that it would be burdensome for FHP to maintain this evidence, and will not require it to do so.

Next, while Plaintiff implies that he has some manner for taking possession of the vehicle, he has not articulated for the Court his ability to do so.   Absent some certainty that Plaintiff has the ability to preserve the vehicle, the Court will not have the vehicle released into Plaintiff's control.   Finally, the parties have indicated that

they would consent to GEICO bearing the burden of preserving this vehicle.   GEICO, however, is not a party to this action and has not indicated a willingness to maintain this evidence, nor have the parties established that it has a duty to do so.   Without more details from the parties, the Court will not order release of the vehicle to GEICO for preservation and storage.

Although the Court recognizes Plaintiff's concerns with respect to Defendant taking possession of the vehicle, the parties have provided no other viable alternatives for the Court to consider.   As stated, *supra*, releasing evidence to one of the parties, even the opposing party, is preferable to placing that burden on a third party that, at least as far as the Court is aware, has no connection to the subject litigation.   *Capricorn Power Co., Inc.,* 220 F.R.D. at 433-34.   Therefore, Defendant is tasked with the duty and responsibility of preserving and maintaining this evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Defendant, Ford Motor Company's, Motion to Preserve Evidence, or in the alternative, Motion to Take Possession of Subject Vehicle (Doc. 47) is **GRANTED**. Defendant is directed to take custody of the subject vehicle before **May 15, 2016** and maintain it throughout the pendency of this litigation.

2.      Plaintiff's Motion to Deny Defendant's Motion to Take Possession of Plaintiff's Vehicle and Grant Release to Plaintiff's Insurance Co. (Doc. 50) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 11th day of May, 2016.


CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record