UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK ANTHONY ZACCONE,

         Plaintiff,

v.                                 Case No:  2:15-cv-287-FtM-38CM

FORD MOTOR COMPANY,

         Defendant.

_____

## ORDER

This matter comes before the Court upon review of Defendant's Motion to Strike Plaintiff's Claim for Improper Damages and Other Portions of the Third Amended Complaint (Doc. 46); Plaintiff's Motion to Order Defendant to Settle on "Total Loss" of Vehicle and Deliver the Said Vehicle to an Acceptable Location Specified by Plaintiff's Insurance Company when Defendant Completes Their Inspection (Doc. 57), construed as a Motion for Reconsideration of the Court's Order (Doc. 56); Plaintiff's Motion to Strike Defendant's Statement (Doc. 58); and Plaintiff's Motion to Extend Deadline for the Disclosure of Expert Reports (Doc. 78).   Plaintiff opposes Defendant's motion (Doc. 46), and Defendant opposes Plaintiff's motions. Docs. 59, 60, 70, 79.

## I.    Background

On May 5, 2015, Plaintiff filed a Complaint against Defendant, alleging wrongful death and negligence claims.   Doc. 1.   Since then, Plaintiff amended his complaint three times, and Plaintiff's Third Complaint is the operative complaint in

this matter.   Docs. 13, 17, 43.   According to Plaintiff's Third Amended Complaint, on May 6, 2013, Plaintiff was driving a 2006 Ford Escape with his wife Judy Hanna, travelling to Seattle, Washington from Florida.   Doc. 44 at 3.   Plaintiff alleges that while driving, he was forced off the road, and his vehicle hit the median and flipped several times.   *Id.*   Plaintiff asserts that none of the vehicle's airbags deployed.   *Id.* Both Plaintiff and his wife were injured, but his wife eventually died from the injuries sustained from seatbelts.   *Id.* at 3-4.   Plaintiff claims negligence against Defendant for having installed defective airbags in Plaintiff's vehicle.   *Id.* at 4.   Based on his negligence claim, Plaintiff seeks to recover damages not only for his injuries but also for the loss and the death of his wife.   *Id.* at 5.

Plaintiff was charged and later found guilty of driving under the influence manslaughter as a result of the crash that killed his wife.[1]   *See* Doc. 32 at 3 n.2. During sentencing in that case, Plaintiff waived his right to any claims of appeal or a new trial.   Doc. 47-1 at 1.   On April 1, 2016, Plaintiff was sentenced to incarceration for seven years, followed by a five year probation period.   *Id.*

## I.   Defendant's Motion to Strike Plaintiff's Claim for Improper Damages and Other Portions of the Third Amended Complaint (Doc. 46)

Defendant argues that Plaintiff's Third Amended Complaint has incorporated allegations concerning the death and injuries of Plaintiff's wife into the basis of Plaintiff's claims for negligence and damages against Defendant.   Doc. 46 at 3.   As

---

[1] In the Order granting Defendant's Motion to Dismiss, the Honorable Sheri Polster Chappell took judicial notice of the verdict finding Plaintiff guilty of driving under the influence manslaughter in the state criminal case.   Doc. 32 n.2.

Defendant points out, Plaintiff's statements of claims, facts, and damages refer to the death of his wife and the injuries she sustained, which eventually led to her death. Doc. 44 at 2, 3, 5; Doc. 46 at 3-4. Specifically, Defendant seeks to strike from the paragraph C of the "Statement of Claim" section a portion of Plaintiff's statement that his "Complaint is initiated by facts set forth by Plaintiff's and Plaintiff's wife's hospital records, position, and seriousness of injuries, medical examiner's deposition and testimony." Doc. 44 at 2[2] ¶ C. Defendant also seeks to strike a portion of Plaintiff's description that relates to his wife's injuries and death in Plaintiff's "Statement of Facts" section:

> We were both brutally injured, especially from the seatbelts, as the medical report and pictures confirm, which ultimately led to the demise of my wife Judy later that night, God bless her and I will always love her, no matter what! The diagonal bruise we both sustained was consistent with that of a seatbelt-type injury. As [] stated[,] she had a chest injury, among other things . . . .

*Id.* at 3. Lastly, Defendant requests that the Court strike from the "Relief Requested" paragraph the following language:

> As far as damages sought, well, this is truly an area I have struggled with. How does someone put a price [on] two lives? I really feel like I'm not seeking nearly enough[.] At the same time I am trying to be as fair as I possibly can and greed is not what propels me. The complexity and loss has "snowballed" into a monster and I know Defendant stated [it] doesn't want to have to cross-reference any claims or allegations on my Third Amended Complaint, which I can respect, but if [it would] be

---

[2] There is a discrepancy between the CM/ECF page number of the Third Amended Complaint and the internal page number as Plaintiff notated. Doc. 44. Because as originally filed the first page of the complete document was Plaintiff's Motion to Continue w/Amended Complaint (Doc. 42), after which the Plaintiff's proposed Third Amended Complaint (Doc. 42-1) followed, and the Court directed the Clerk to file the Third Amended Complaint (Doc. 42-1) as a separate docket entry (Doc. 43), the Third Amended Complaint begins on what Plaintiff notated as "pg. 2 of 6." *See* Doc. 44. The Court's citation to page numbers of the complaint here uses the CM/ECF page numbers.

> ok the good court needs just a little idea of what I've been through and am going through, then by all means have a look and see just a little bit of what this horrific tragedy has incurred. The list is getting [too] big to record everything.

*Id.* at 5.  Defendant argues that the above statements are scandalous, immaterial, and irrelevant to Plaintiff's negligence claim for his own injury against Defendant. Doc. 46 at 4.

Plaintiff responds that although he does not object to amending his relief sought, he believes that his wife's death and injuries are relevant to determining whether his car's airbags were defective on both sides and whether the defective airbags were common to all 2006 Ford Escapes.   Doc. 70 at 1.   Plaintiff also argues that Defendant is attempting to hide from the jury or the public the fact that a death occurred in its car.   *Id.*

"Pursuant Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   District courts have broad discretion in disposing of motions to strike under Fed. R. Civ. P. 12(f)."   *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (internal citations omitted).   Striking a pleading, however, is a "drastic remedy, which is disfavored by the courts."   *Hansen v. ABC Liquors, Inc.*, No. 3:09-cv-966-J-34MCR, 2009 WL 3790447, at *1 (M.D. Fla. Nov. 9, 2009).   The court generally does not exercise its discretion to strike under Rule 12(f) "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise

prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

Here, the Court finds persuasive Defendant's argument that Plaintiff's above statements should be stricken because they are immaterial, prejudicial, and irrelevant to Plaintiff's negligence claim for his own injury. *See id.* United States District Judge Sheri Polster Chappell granted Defendant's amended motion to dismiss (Doc. 25) and dismissed Plaintiff's Second Amended Complaint (Doc. 19) for lack of standing, which included a wrongful death claim for his wife's death, because Plaintiff did not allege or establish that he is the personal representative of his wife's estate. Doc. 32 at 3. Judge Chappell allowed Plaintiff to file a Third Amended Complaint so that he could cure the standing defect. *Id.* While seemingly claiming for his injury only, however, Plaintiff's Third Amended Complaint still makes references to and seeks damages for the death and injuries of Plaintiff's wife without alleging or establishing that he is the personal representative of his wife's estate. Doc. 44 at 3, 5. These references are prejudicial and may confuse the issues because they are in contravention of the Court's Order (Doc. 32) and seek to merge the wrongful death claim, which has been dismissed, with Plaintiff's negligence claim. *Harris v. Torus Nat. Ins. Co.*, No. 8:14-cv-1001-T-33AEP, 2014 WL 3053257, at *3 (M.D. Fla., July 7, 2014) ("Prejudice results when the matter complained of has the effect of confusing the issues or where it is so lengthy and complex that it places an undue burden on the responding party.").

Furthermore, the death and injuries of Plaintiff's wife bear no relation to the controversy here.  *See Reyher*, 881 F. Supp. at 576.   In Florida, to "prove any products liability claim sounding in negligence, including negligent design or manufacture, a plaintiff must show (1) that the defendant owed a duty of care toward the plaintiff, (2) that the defendant breached that duty, (3) that the breach was proximate cause of the plaintiff's injury, and (4) that the product was defective or unreasonably dangerous."  *Cook v. MillerCoors, LLC*, 829 F. Supp. 2d 1208, 1217 (M.D. Fla. Oct. 28, 2011).   "A product is defective when the manufacturer has a duty to exercise reasonable care so that its products will be reasonably safe for use in a foreseeable manner, and the manufacturer has breached that duty."  *Id.* at 1217. Here, because Plaintiff's negligence claim is limited only to Plaintiff's injuries, the death and injuries of Plaintiff's wife bear no relation to Plaintiff's burden of proving each element.  *See id.*

In addition, under Florida law, Plaintiff's emotional distress alone caused by his wife's death and injuries is not enough to warrant damages for his negligence claim.  *Brown v. Cadillac Motor Car Div.*, 468 So. 2d 903, 904 (Fla. 1985) (holding that to recover damages for a psychological trauma in a negligence case, a plaintiff must show a direct physical injury or any physical injury resulting from his mental distress).   Plaintiff's Third Amended Complaint is devoid of any allegation that Plaintiff suffers any physical injury caused by the mental distress of seeing his wife's death and injuries.  *See id.*; Doc. 44 at 4.

Accordingly, for the reasons stated above, the following language is stricken from the Third Amended Complaint:

1. From paragraph C of the "Statement of Claim" on page 2: "and Plaintiff's wife's hospital records, position, and seriousness of injuries, medical examiner's deposition and testimony"

2. From the "Statement of Facts" on page 3:

   We were both brutally injured, especially from the seatbelts, as the medical report and pictures confirm, which ultimately led to the demise of my wife Judy later that night, God bless her and I will always love her, no matter what! The diagonal bruise we both sustained was consistent with that of a seatbelt-type injury. As, stated she had a chest injury, among other things and

3. From the "Relief Requested" on page 5:

   As far as damages sought, well, this is truly an area I have struggled with. How does someone put a price two lives? I really feel like I'm not seeking nearly enough, at the same time I am trying to be as fair as I possibly can and greed is not what propels me. The complexity and loss has "snowballed" into a monster and I know Defendant stated he doesn't want to have to cross-reference any claims or allegations on my 2nd Amended Complaint, which I can respect, but if he ok the good court needs just a little idea of what I've been through and am going through, then by all means have a look and see just a little bit of what this horrific tragedy has incurred. The list is getting too big to record everything.

**II.    Plaintiff's Motion to Order Defendant to Settle on "Total Loss" of Vehicle and Deliver the Said Vehicle to an Acceptable Location Specified by Plaintiff's Insurance Company when Defendant Completes Their Inspection (Doc. 57)**

On February 15, 2016, Defendant filed a Request for Judicial Notice, seeking the Court to take judicial notice of Plaintiff's felony conviction. Doc. 30. Plaintiff responded to the request and identified the location of the vehicle in his response.

Doc. 33 at 2. Plaintiff stated that the subject vehicle, which is titled in Plaintiff's name, was being held at the "state trooper barracks." Docs. 47 at 2; 33 at 2. Defendant's counsel contacted the Florida Highway Patrol ("FHP") and was informed that the vehicle soon would be disposed of because the criminal case had been adjudicated. Docs. 47 at 2; 52-1 at 1-2. Captain Rob Aponte, of the FHP, stated that he would continue to hold the vehicle only until May 15, 2016. Doc. 47 at 2.

On April 22, 2016, Defendant filed a motion to preserve evidence, seeking to require FHP to preserve the vehicle or, alternatively, release the vehicle into Defendant's custody for the pendency of this litigation. *Id.* The Court granted Defendant's motion to preserve and denied Plaintiff's motion to release the vehicle to Plaintiff's insurance company because the preservation of the vehicle was critical to this case, Plaintiff did not show his ability to preserve the vehicle, and Plaintiff's insurance company did not indicate any willingness to maintain the vehicle. Doc. 56 at 3-6.

On May 23, 2016, Plaintiff filed the present motion seeking the Court to allow Defendant another thirty (30) days to maintain the vehicle or order Defendant to settle on the total loss of the vehicle. Doc. 57 at 2. Plaintiff questions Defendant's motive for keeping the vehicle and states that Defendant had more than enough time to inspect the vehicle. *Id.* Plaintiff asks the Court to release the vehicle to a location specified by Plaintiff's insurance company so that the parties can settle and complete this litigation. *Id.* Plaintiff's insurance company still has not indicated that it is willing to maintain the vehicle. Given the Court's previous Order (Doc. 56)

and the remedy Plaintiff is seeking, the Court construes the present motion as a Motion for Reconsideration of the Court's Order (Doc. 56).

"Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *Carter v. Premier Rest. Mgmt.*, No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)).   Courts have recognized three grounds to justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).   "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously," *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995), and must "set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).   It is the movant's burden to establish the "extraordinary circumstances" justifying reconsideration. *Mannings v. Sch. Bd. of Hillsborough Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).   Here, the Court denies Plaintiff's motion for reconsideration because Plaintiff has not presented any extraordinary circumstances justifying reconsideration. *See id.*

### III.    Plaintiff's Motion to Strike Defendant's Statement (Doc. 58)

Plaintiff seeks to have stricken a statement in the FHP Affidavit (Doc. 52-1), filed in support of Defendant's motion to preserve evidence (Doc. 47), that "Mr. Zaccone pled [g]uilty."   Doc. 58 at 1.   Plaintiff also seeks sanctions against Defendant.   *Id.*  The statement sought to be stricken refers to Plaintiff's criminal case concerning this matter, *State of Florida v. Frank Anthony Zaccone.*   Doc. 52-1 at 1.   Plaintiff argues that he did not plead guilty and was unjustly accused, and subsequently convicted by a jury, of killing his wife.   Doc. 58 at 1.   Defendant responds that after a jury found Plaintiff guilty of driving under the influence manslaughter as a result of the single vehicle crash that killed his wife, Plaintiff waived any claims of appeal and came to an agreement with the prosecution regarding his sentencing.   Doc. 60 at 1.   According to Defendant, Plaintiff's post-conviction actions caused the Plaintiff's sentencing court to indicate in Plaintiff's sentencing form that Plaintiff not only was adjudicated guilty but also pled guilty. *Id.* at 2; Doc. 60-3.

Here, the Court denies Plaintiff's motion because Plaintiff does not provide any evidentiary or legal grounds for which the Court may grant his motion, and the documents provided by Defendant indicate otherwise.   Docs. 58, 60-3.   In addition, Defendant did not allege the statement Plaintiff seeks to strike because the FHP's, not Defendant's, affidavit contains the statement sought to be stricken.   Doc. 52-1. Defendant filed the FHP's affidavit in response to its motion to preserve evidence (Doc. 47), which motion the Court already granted on May 11, 2016.   Doc. 56.   As

Defendant points out, Defendant could not have edited or stricken the statement Plaintiff seeks to strike because the statement is part of the affidavit drafted and executed by the FHP.   Doc. 60 at 2.

IV.    **Plaintiff's Motion to Extend Deadline for the Disclosure of Expert Reports (Doc. 78)**

On November 7, 2016, three days after the deadline to disclose his expert reports,[3] Plaintiff filed the present motion seeking to extend the deadline to disclose expert reports by ninety (90) days.   Doc. 78.   Plaintiff argues that Defendant has not provided discovery documents necessary for his expert to review.   *Id.* at 1.  Although Defendant does not agree with Plaintiff's above statement, Defendant agrees to a seven (7) day extension from Plaintiff's receipt of Defendant's documents.  Doc. 79 at 2.   Defendant states that it expects to receive the requested materials on November 10, 2016 and to send them by mail to Plaintiff.   *Id.* at 2 n.1.   To allow Plaintiff sufficient time based on the date Defendant mailed the requested documents, the Court will extend the deadline for Plaintiff's disclosure of expert reports to **December 16, 2016**.

---

[3] On July 12, 2016, the Court entered a Case Management and Scheduling Order, setting the deadline for Plaintiff's disclosure of expert reports to November 4, 2016 and for Defendant's disclosure of expert reports to December 2, 2016, the discovery deadline to January 13, 2017, and a trial term of July 3, 2017.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Defendant's Motion to Strike Plaintiff's Claim for Improper Damages and Other Portions of the Third Amended Complaint (Doc. 46) is **GRANTED**.   The following language in bold type is **STRICKEN** from the Third Amended Complaint:

A.   From paragraph C of the "Statement of Claim" on page 2:

**and Plaintiff's wife's hospital records, position, and seriousness of injuries, medical examiner's deposition and testimony,**

B.   From the "Statement of Facts" on page 3:

**We were both brutally injured, especially from the seatbelts, as the medical report and pictures confirm, which ultimately led to the demise of my wife Judy later that night, God bless her and I will always love her, no matter what!   The diagonal bruise we both sustained was consistent with that of a seatbelt-type injury.   As, stated she had a chest injury, among other things and**

C.    From the "Relief Requested" on page 5:

**As far as damages sought, well, this is truly an area I have struggled with.   How does someone put a price two lives?   I really feel like I'm not seeking nearly enough, at the same time I am trying to be as fair as I possibly can and greed is not what propels me.   The complexity and loss has "snowballed" into a monster and I know Defendant stated he doesn't want to have to cross-reference any claims or allegations on my 2nd Amended Complaint, which I can respect, but if he ok the good court needs just a little idea of what I've been through and am going through, then by all means have a look and see just a little bit of what this horrific tragedy has incurred. The list is getting to big to record everything.**

2.     Plaintiff's Motion to Order Defendant to Settle on "Total Loss" of Vehicle and Deliver the Said Vehicle to an Acceptable Location Specified by Plaintiff's Insurance Company when Defendant Completes Their Inspection (Doc. 57), construed as a Motion for Reconsideration of the Court's Order (Doc. 56), is **DENIED**.

3.     Plaintiff's Motion to Strike Defendant's Statement (Doc. 58) is **DENIED**.

4.      Plaintiff's Motion to Extend Deadline for the Disclosure of Expert Reports (Doc. 78) is **GRANTED in part**.   Plaintiff shall have up to and including **December 16, 2016** to disclose expert reports.

**DONE** and **ORDERED** in Fort Myers, Florida on this 5th day of December, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record
Frank Anthony Zaccone *pro se*