UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK ANTHONY ZACCONE,

        Plaintiff,

v.                                Case No:  2:15-cv-287-FtM-38CM

FORD MOTOR COMPANY,

        Defendant.

_____

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Reconsideration (Doc. 89) filed on January 13, 2017 and Defendant Ford Motor Company's Motion to Appear at Mediation via Telephone, or in the Alternative, to Extend the January 30, 2017 Deadline to Complete Mediation (Doc. 97) filed on January 23, 2017.   The Court will address Defendant's motion to appear telephonically at mediation without the benefit of Plaintiff's response because the parties are scheduled to mediate on January 30, 2017, and their mediation deadline is January 31, 2017.   Docs. 67, 97.

### I.    Defendant's Motion to Appear at Mediation via Telephone (Doc. 97).

Defendant seeks to appear telephonically at the parties' mediation scheduled on January 30, 2017 because its in-house counsel was denied entry to the Apalachee Correctional Institution ("API") wherein Plaintiff currently is incarcerated.   Doc. 97 at 1-2.   The parties arranged to mediate at the API on January 30, 2017, and Plaintiff's in-house counsel, Kyle Sandefur, was to appear as Defendant's

representative at the mediation. *Id.* at 1. Defendant states that counsel Sandefur is the only attorney from Defendant's Office of General Counsel who is available to appear at the mediation on January 30, 2017. *Id.* Defendant, however, alleges that counsel Sandefur was denied entry to the API because a person with a criminal record may be using counsel Sandefur's name as an alias. *Id.* at 2. Defendant claims that it will take another nine to ten weeks to clear counsel Sandefur's name. *Id.* As a result, Defendant seeks to appear at the mediation by telephone, or in the alternative, to extend the mediation deadline of January 31, 2017 by sixty to ninety days. *Id.*

Local Rule 9.05 provides that all parties, corporate representatives, and any other required claims professionals must be present at the mediation conference unless otherwise excused by the presiding judge. M.D. Fla. R. 9.05. This Court previously has explained, "[t]he rationale behind the requirement that a party attend the mediation in person is so that the party may actively participate in the discussions and negotiations*." Hernandez v. Wilsonart Int'l, Inc.*, No. 2:09-CV-747-FTM, 2011 WL 899469, at *1 (M.D. Fla. Mar. 15, 2011). Moreover, "Court-ordered mediation with each party physically present facilitates compromise and resolution, which saves the parties', the [C]ourt's, and the public's resources-in other words, saves them a burden." *Chancey v. Hartford Life & Acc. Ins. Co.*, 844 F. Supp. 2d 1239, 1241 (M.D. Fla. 2011). For the Court to dispense with this important in-person requirement, the party seeking it must be provide a compelling basis to do so. *Collazo v. United States*, No. 8:14-cv-2326-T-33MAP, 2015 WL 1138484, at *2 (M.D. Fla. Mar. 13, 2015). Generally, difficulty in arranging personal appearance at

mediation due to limited financial means or other hardship does not amount to a compelling reason to dispense with the in-person requirement.  *See e.g., Collazo,* 2015 WL 1138484 (denying the plaintiff's request to appear remotely at mediation because he was unemployed and needed to focus on searching for employment); *Pecoraro v. State Farm Fire & Cas. Co.*, No. CIVA107CV777LTSRHW, 2008 WL 3842912, at *1 (S.D. Miss. Aug. 13, 2008) ("This Court has denied other requests based on hardship, including one in which the Plaintiff lived in Bartlesville, Oklahoma, had limited financial means to travel to Mississippi for the mediation, was disabled to the point of being legally blind, did not have a driver's license, and her means of travel were limited.").

Although the Court is sympathetic to Defendant's current situation, it believes that the spirit of the mediation requirement is best accomplished when all parties are physically present.   Because the parties' dispositive deadline is February 28, 2017, and this case's trial term is scheduled to commence on July 3, 2017, the Court will extend the mediation deadline by sixty days (60) days and allow the parties to reschedule the mediation.   Doc. 67.

## II.   Plaintiff's Motion for Reconsideration (Doc. 89)

Plaintiff seeks the Court's reconsideration of its Order (Doc. 81), which required Plaintiff to allege his privity of contract with Defendant in order to allege warranty claims in his Fourth Amended Complaint.   Docs. 81 at 10, 89 at 1. Plaintiff argues that he may allege an express warranty claim without showing his privity of contract under Florida law.   Doc. 89 at 1-2.

"Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *Carter v. Premier Rest. Mgmt.*, No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)).   Courts have recognized three grounds to justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).   "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously," *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995), and must "set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).   It is the movant's burden to establish the "extraordinary circumstances" justifying reconsideration. *Mannings v. Sch. Bd. of Hillsborough Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

"Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302, at *1.   A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has already determined. *Id.*   The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration

at a litigant's pleasure." *Id.* (citing *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).

Here, Plaintiff does not show extraordinary circumstances justifying the Court's reconsideration of its Order (Doc. 81).   Doc. 89; *see Mannings*, 149 F.R.D. at 235.   Rather, Plaintiff attempts to reargue an issue that the Court already addressed in its previous Order.   *Carter*, 2006 WL 2620302, at *1; Doc. 89.   As a result, the Court will deny Plaintiff's motion for reconsideration.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Defendant Ford Motor Company's Motion to Appear at Mediation via Telephone, or in the Alternative, to Extend the January 30, 2017 Deadline to Complete Mediation (Doc. 97) is **GRANTED in part and DENIED in part**.

2.   The parties' mediation deadline is extended to **April 3, 2017**.   All other deadlines remain unchanged.

3.   Plaintiff's Motion for Reconsideration (Doc. 89) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 25th day of January, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record