UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK ANTHONY ZACCONE,

    Plaintiff,

v.                                       Case No: 2:15-cv-287-FtM-38CM

FORD MOTOR COMPANY,

    Defendant.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on *pro se* Plaintiff Frank Zaccone's Motion to Strike Defendant, Ford Motor Company's Expert Affidavit. (Doc. 94). Defendant Ford Motor Company has filed an opposition to the motion. (Doc. 100). For the reasons that follow, the Court denies Zaccones motion.

This is a product liability case stemming from a rollover car accident in a 2006 Ford Escape owned by Zaccone's late-wife. Zaccone argues that the Escape had a defective front airbag system, roof structure, and rollover protection/prevention system. In response to Zaccone's suit, Ford has hired Alan Moore, a mechanical engineer and accident reconstruction expert, to prepare a report on the accident. (Doc. 86-6). Ford now relies on Moore's report to support its motions for summary judgment. (Doc. 86;

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Doc. 92). But Zaccone moves to strike Moore's report on grounds of bias because Ford employed Moore nearly two decades ago and Moore regularly consults for Ford.

Federal Rule of Civil Procedure 56 governs the use of affidavits to support a motion for summary judgment and provides that an affidavit "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "[A]n affidavit must be stricken when it is a conclusory argument, rather than a statement of fact, or when the affidavit is not based on personal knowledge." *Pashoian v. GTE Directories*, 208 F. Supp. 2d 1293, 1297 (M.D. Fla. 2002).

Here, Zaccone makes no argument against Moore's personal knowledge and competence. (Doc. 94 at 3). Rather, he attacks Moore's credibility and the thoroughness of his report. (*See, e.g.,* Doc. 94 at 2). According to Zaccone, Moore's affidavit and report are "slanted and less than partial" because Moore is a "regular expert for hire" by Ford. (Doc. 94 at 2). But allegations of bias are attacks against credibility. And a witness's credibility goes to the weight of the evidence – not admissibility. *See Tippens v. Celotex Corp.*, 805 F.2d 949, 954 (11th Cir. 1986) ("Issues concerning the credibility of witnesses and weight of the evidence are questions of fact which require resolution by the trier of fact."); *see also Hepp v. Paul Revere Life Ins. Co.,* No. 8:13-CV-2836-T-17TBM, 2015 WL 4072101, at *3 (M.D. Fla. July 2, 2015) (finding that attacks on a witness' memory goes to the weight of the evidence and thus not a proper reason to strike a declaration in support of a summary judgment). The Court may only strike Moore's affidavit and report on admissibility grounds, which Zaccone does not present. The Court, therefore, denies Zaccone's motion to strike.

Accordingly, it is now

**ORDERED:**

Plaintiff Frank Zaccone's Motion to Strike Defendant, Ford Motor Company's Expert Affidavit (Doc. 94) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of April, 2017.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record